IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JACKSON,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants | Civil No. 23-1422 (RMB)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court, sitting by designation pursuant to 28 U.S.C. § 292(b) (Dkt. No. 7), upon *Pro Se* Plaintiff Robert Jackson's civil rights complaint (Dkt. No. 1) and renewed motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(b) (Dkt. Nos. 9, 10). Plaintiff's IFP application will be granted. For the reasons discussed below, the Court will dismiss the complaint.

**I.   *SUE SPONTE* DISMISSAL**

When a prisoner files a civil action and is granted *in forma pauperis* status under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity or officer or employee of a governmental entity, courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(b)(1, 2).

1

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *e.g.*, *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). The same legal standard applies to dismissal under § 1915(e)(2)(B). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). Thus, ["t]o survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Allah*, 229 F.3d, at 122-23 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S. at 556 "[A] district court must accept as true all factual allegations and all reasonable inferences that arise from those allegations, viewed in the light most favorable to the plaintiff." *Id.* Recitation of the elements of a claim coupled with conclusory statements fail to state a claim. *Twombly*, 550 U.S., at 544. Additionally, a claim is frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible…." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

II.   **DISCUSSION**

Plaintiff, presently incarcerated at the U.S. Penitentiary Hazelton, in Bruceton Mills, West Virginia, file a *pro se* complaint against a host of defendants in

connection with his arrest and prosecution, asserting their actions constituted the following:

> Breach of contract, fraud, theft, human trafficking, false statements and concealment of facts, kidnapping, misprision of felony, conspiracy against rights, deprivation of rights under color of law, enticement into slavery, parties collusively joined or made, monopolization, racketeering, laundering of monetary instruments, and statements or entries generally.

The gravamen of the complaint is that the people of the State of Pennsylvania did not waive their sovereignty, and, therefore, are not subject to arrest and prosecution. After filing the complaint, Plaintiff submitted a letter to the Court, asserting "the agents and or staff at MDC Brooklyn is forcing me against my will to portray that fictitious all caps name and number to subject me to extreme hardship." (Dkt. No. 11.) Plaintiff reiterated this claim in his notice of change of address from USP Hazelton. (Dkt. No. 12.) An individual's claim that he is not subject to federal, state or local laws is frivolous. *United States v. Taylor*, 21 F.4th 94, 102 n. 6 (3d Cir. 2021) (citations omitted). The complaint will be dismissed with prejudice as frivolous and for failure to state a claim.

### III. CONCLUSION

For the reasons stated above, the Court will dismiss with prejudice Plaintiff's *pro se* prisoner civil rights complaint under 28 U.S.C. §§ 1915(e)(2)(B)(i, ii), 1915A(b)(i).

An appropriate Order follows.

DATE: **December 28, 2023**          s/Renée Marie Bumb
                                     Renée Marie Bumb
                                     United States District Judge